IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL WAYNE                                                          PLAINTIFF
MILLER

Case No. 1:15-CV-01025-SOH-BAB

SHERIFF MIKE                                                          DEFENDANTS
MCGOUGH,
PATROLMAN TOMMY
WILLIAMS, CPT. RICKY
ROBERTS, LT. WAYNE
GOODE, LT. STEVEN
GREEN, LT. NEIL GREER

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 13, 2015.  ECF No. 1.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey,

United States District Judge, referred this case to the undersigned for the purpose of making a report

and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil

actions in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).

Plaintiff is currently not incarcerated.  Plaintiff alleges he called 911 to report his car, a 1997

Monte Carlo, stolen on October 12, 2014.  When the Union County Sheriff's Department responded

to the call, he was placed under arrest by Defendant Williams for a failure to appear warrant in Union

County.  ECF No. 1, p. 4.  Plaintiff alleges he asked Defendant Williams about his car, and was told

Williams would have the El Dorado Police Department meet with him in the jail.  At booking, he asked Defendant Green about his car, and was told there was nothing he could do about it until he was released.  While incarcerated, he was questioned by Defendant Roberts about the death of an individual he believed was one of the people who stole his car.  During this meeting, he alleges he asked Defendant Roberts about the theft of his car.  He alleges Defendant Roberts told him he was unaware that his car had been stolen, but would look into it.  ECF No. 1, p. 4.

Plaintiff was released on November 14, 2014, and alleges he called Defendant Roberts sometime between November 20th and November 24th, 2014 to "once again attempt to report my vehicle stolen.  I even informed him that the vehicle had been located by individuals at Barkers Metal Salvage Yard.  I also gave him the vehicle's VIN # and my telephone #."  Plaintiff alleges Defendant Roberts told him to call back in a week if he had not heard from him.  ECF No. 1, p. 4.  Plaintiff called Defendant Roberts several times, leaving several messages, but did not speak to him.  ECF No. 1, p. 4.

Plaintiff was arrested again on December 14, 2014, for a probation violation.  He alleges he has filed "over half a dozen grievances" requesting information about his car.  Plaintiff attached five emails as evidence of grievances.  In the email dated February 11, 2015, he states he would like to speak to the sheriff or chief deputy about his stolen car.  ECF No. 1, p. 9.  In an email dated February 5, 2015, he was asked if his email was a grievance or an appeal.  He stated an appeal, and then stated he would only give information to CID.  The response indicated they would forward to Captain Mitcham.  ECF No. 1, p. 10.  In two other emails, dated February 1, 2015 and January 24, 2015, Plaintiff stated he needed to talk to someone in CID, and asked why he had not yet heard from CID.  Plaintiff did not mention anything about his car in either of these emails.  The responses stated "noted" or "will forward."  ECF No. 1, pp. 11-12.  In the last email, dated February 3, 2015, Plaintiff stated:

2

> I would like to make a formal complaint.  I feel a crime has been done against myself and property.  I have requested this in previous grievances, to no avail.  Responses have varied from "will forward" to "noted" Yet no one has contacted me, so I might file my complaint, which I feel is valid."

Plaintiff then stated he would like to file a formal complaint against the Union County Sheriff's office for not serving and protecting him and violating his constitutional rights.  Plaintiff did not state anything about his car in this email and did not indicate what crime had been committed.  ECF No. 1, p. 13.

In mid-February, Plaintiff alleges he spoke with Defendant Goode, who took his statement and the names of the people he believed were involved in the theft of his car.  Plaintiff alleges Defendant Goode told him he would speak with Defendant Roberts.  Plaintiff alleges Defendant Goode responded to one of his grievance forms about a month later, asking again for the names of individuals he believed were involved with theft of his car.  Plaintiff alleges Defendant Goode told him he was unable to find any stolen vehicle reports concerning his car.  ECF No 1, pp. 4-5.

Plaintiff alleges these facts show the Union County Sheriff's Office, El Dorado Police Department, and all other agencies have "failed to uphold the law and perform their duty as law enforcement."  ECF No. 1, pp. 4-5.

Plaintiff seeks the return of or value for his car, compensatory damages for pain, suffering, and mental anguish, and the prosecution of the parties involved in the theft of his car.  ECF No. 1, p. 6.

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff's claims against Defendants for failing to investigate the theft of his car are barred by qualified immunity. "Qualified immunity protects public officials from damage actions if their conduct did not violate clearly established rights of which a reasonable person would have known." *Morris v. Lanpher,* 563 F.3d 399, 402 (8th Cir.), *cert. denied* 558 U.S. 970 (2009), *citing Harlow v. Fitzgerald,* 457 U.S. 800, 818, (1982)." *Cooper v. Martin*, 634 F.3d 477, 480 (8th Cir. 2011). "Qualified immunity requires a two-part inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001). Courts may address the two parts of the inquiry in the order most appropriate to each case. *Pearson v. Callahan,* 555 U.S. 808, 818 (2009).

The constitutional "liberty interest involved in the case of a failure to investigate is the interest in obtaining fair criminal proceedings before being denied one's liberty in the most traditional sense." *Akins*, 588 F.3d at 1183, n. 2. (citing *Wilson v. Lawrence County,* 260 F.3d 946, 956 n. 8 (8th Cir. 2001) (internal quotations omitted). An individual's due process liberty interest is violated only when the failure to investigate is "intentional or reckless, thereby shocking the conscience." *Brockinton v. City of Sherwood, Ark*, 503 F.3d 667, 672 (8th Cir. 2007). Whether the alleged conduct shocks the conscience is a question of law. *Terrell v. Larson,* 396 F.3d 975, 981 (8th Cir.2005) (*en banc*). The Eighth Circuit has held that three circumstances indicate reckless or intentional failure to investigate that shocks the conscience: "(1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposefully ignored evidence suggesting the defendant's

innocence, (3) evidence of systematic pressure to implicate the defendant in the face of contrary evidence." *Akins*, 588 F.3d at 1184.  "Negligent failure to investigate does not violate due process." *Brockinton,* 503 F.3d at 672.  *See e.g. Clemmons v. Armontrout*, 477 F.3d 962, 966 (8th Cir. 2007) (Despite initially resulting in a death sentence for murder, failure to investigate an exculpatory eyewitness lead and to give a report to the prosecutor was not sufficient to deny prison investigator qualified immunity); *Wilson v. Lawrence County*, 260 F.3d 946, 957 (8th Cir. 2001) (police officers' failure to investigate leads for a murder case when faced with an involuntary confession from a mentally disabled suspect and no reliable corroborating evidence was sufficiently reckless or intentional to deny qualified immunity).

Plaintiff's complaint alleges a failure to investigate a property theft on the part of Defendants. He does not allege that any of his arrests or incarcerations were the result of the alleged failure to investigate or any other constitutional violation.  He does not allege he was physically injured by any conduct of the Defendants.  Instead, he complains the police did not properly investigate the theft of his car.  This allegation does not implicate any due process liberty interest for Plaintiff.  There is no constitutional right to have the police find and return stolen property.  *See DeShaney v. Winnebago County Dept. of Soc. Services*, 489 U.S. 189, 195 (1989) (The Due Process Clause "forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."); *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty o[r] property).

For the foregoing reasons, I recommend that Plaintiff's claims against all Defendants be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of June 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE